## THOMPSON v. MILLER.

1. Where the Court has made an order, requiring a non-resident to give security for costs, such order pre-supposes the necessary proof to have been made to entitle the party to such security.
2. But where the record shews only that the motion was made to the Court, and the Court afterwards entered the order *nunc pro tunc*, on parol evidence, that the Court had previously made such order, it was held to be error.
3. An order or judgment *nunc pro tunc* must be predicated on matter of record, or some memorandum of the Court.
4. Security for costs may be required as well in appeals from justices as in other cases.

THIS was an action commenced before a justice of the peace of Lauderdale county, by Thompson against Miller, in which the plaintiff recovered judgment. Miller appealed to the County Court. At the June term, 1828, this entry appears: " continued, and motion to rule plaintiff to security for costs." At December term, 1828, the defendant moved the Court to dismiss the suit, at the costs of the plaintiff, because he was a non-resident, and no security for costs had been given. This being resisted, the plaintiff proved by oral evidence, that, at the pre-

[*]See the case of McGehee v. Evans, 1 Stewart's Reports, 589.

vious term of the Court, a motion had been made, and thereupon that the Court had ordered that the plaintiff give security for the costs by the next term, or that the suit should be dismissed; but that the order had not been entered of record. The Court caused the rule for security to be entered *nunc pro tunc* on the minutes, and then dismissed the cause accordingly. To all which Thompson excepted, and assigned the proceedings of the Court as above for error.

W. B. MARTIN and P. MARTIN, for the plaintiff in error.

COALTER, for the defendant.

By JUDGE SAFFOLD. It appears by the record as entered at the first term, only that the motion was made; no disposition of it appears. It does not appear that the Court required the security, that proof of the non-residence was made, or that the plaintiff or his attorney was in Court, or had any notice of the requisition; but an order for the dismissal was entered *nunc pro tunc*, on oral proof. The statute provides[a] that all suits commenced by non-residents, at any time during such non-residence, shall be dismissed, unless security be given to the clerk within sixty days after notice shall have been given to the plaintiff or his attorney, &c. A subsequent statute [b] extends the same right to cases, in which the plaintiff shall remove out of the State pending the suit. And another act [c] provides, that in case of non-resident plaintiffs, the attorney who has directed the process to issue, may, at any time, pending the suit, be ruled to give security for the costs, on motion to the Court; and if he fail, that the suit shall be dismissed, and an execution may issue against the attorney for the costs.

This requisition for security is understood to have been made under the authority of the first act referred to; and though the law did not require that it should be by motion to the Court, but by notice to the plaintiff or his attorney; yet as a motion in Court, in the presence of the party or his attorney, is equal to any other notice, and the Court can, at the same time, determine the fact of non-residence; and as an order requiring the security would pre-suppose the proofs made, there can be no objection to that mode of proceeding. But a mere motion on the minutes requiring the security, can avail nothing. The

*a* Laws of Ala, 350.

*b* Laws of Ala, 456.

*c* Laws of Ala, 455.

JANUARY 1830.

Thompson
v.
Miller.

a Minor's Ala.
Rep. 17.

decision of this Court in the case of *J. & J. Read v. Car-son,* *a* was doubtless correct; that notwithstanding an or-der had been made at a previous term requiring the plain-tiff to give security for costs by the next term, or the suit would be dismissed, there was no error in the failure of the Court to enter the dismissal; for there it did not ap-pear for what cause the security was required, nor that any subsequent application was made for the dismissal. So much of the reasoning employed on that occasion, as al-ludes to the necessity of proof of the residence of the de-fendant within the State, was immaterial to the result; and unless used with exclusive reference to motions against the plaintiff's attorney, is unsustained by the law.

In this case we have no hesitation in saying the order of the Court below, rendered *nunc pro tunc,* on oral testimo-ny, was erroneous. Such orders or judgments are only au-thorized when predicated on matter of record, or some entry or memorandum made by or under the authority of the Court. Nor would the dismissal have been warranted unless it was satisfactorily shewn to the Court that the plaintiff was a non-resident, and that he or his attorney had received at least sixty day's notice that security for costs was required; that this suit was in the nature of an appeal from the judg-ment of a justice, was immaterial. The defendant had the same right to require security for costs as in any other suit pending in the Circuit or County Courts; but in either case he must pursue the directions of the Statute. The Court are unanimous in reversing the judgment, and re-manding the cause.