LEVERT *vs.* THE PLANTERS' & MERCHANTS' BANK.

1. The charter of the Planters' and Merchants' Bank of Mobile, does not give the right to the Bank, to recover on notes or bills held by them, unless such notes and bills are made negotiable and payable at that particular Bank.

2. And in such cases, the record must shew that the note or bill on which the remedy is sought, was made payable and negotiable at the Bank.

3. The notice issued to defendant, and attached to the transcript, is not considered as part of the record,—so as to shew the right of the Bank to recover judgment on motion.

4. The act of the thirtieth June, eighteen hundred and thirty-seven, gives the remedy, by motion, to the Bank, only on notes and bills, the future acquisition of the Banks.

5. The remedy by motion, being in derogation of the common law, cannot be inferred, unless the party claiming the benefit of it, shews affirmatively, that he is entitled to it.

Error to the Circuit court of Mobile.

Bank notice, tried before *Pickens,* J.

The notice, in this case, was issued on a note dated June twentieth, eighteen hundred and thirty-seven, payable sixty days after date, to Joseph Bates, jr. or order, for four thousand nine hundred and forty dollars, for value received, negotiable and payable at the Planters' and Merchants' Bank of Mobile, and endorsed by the payee.

The notice stated that the note was the property of the Bank—was past due—was not paid according to the tenor and effect thereof, and was protested for non-pay-

Levert *vs.* the Planters' & Merchants' Bank.

ment: and that the Bank would move against defendant, for the amount due by said note, with lawful damages and costs, at the next term of the Circuit court, and on the third Monday of said term, would pray the court to render judgment, and award execution in favor of said Bank for the amount of said demand. To the notice was attached the certificate of the President, that the debt was the *bona fide* property of the Bank. The notice was served thirty days before court.

Judgment was rendered against defendant by *nil dicit,* and the case brought up for revision.

Plaintiff in error assigned:

1. That the facts stated in the record do not shew a case in which a judgment could be rendered on motion;

2. That upon the facts stated in the record, judgment should have been given for the· plaintiff in error in the court below.

*Campbell,* for the plaintiff in error.
*Stewart,* contra.

ORMOND, J.—This was a motion by the defendants in error against the plaintiff in error, for a judgment on a note discounted by the bank.

The judgment was rendered by default, and it is now objected here, that the record does not shew a case in which a judgment could be rendered in favor of the bank, on motion, because it does not state that the note was negotiable and payable at that bank.

The charter of the bank provides " That if any person shall be indebted to said corporation, as maker or

endorser of any note, bill or bond, expressly made *nego-tiable and payable at said bank*, and shall delay payment thereof, it shall be lawful for said corporation, after having given at least thirty days notice thereof, and producing to the court before whom the motion is made, the certificate of the President of the bank, that the debt is really and *bona fide* the property of the bank, to move for judgment and award of execution," &c.

The statement on the record is, that the plaintiff "moved the court for a judgment in this case, for the amount of a promissory note signed by defendant, dated June twentieth, eighteen hundred and thirty-seven, payable sixty days after date, to one Joseph Bates, jr. or order, and by him endorsed for the sum of four thousand nine hundred and forty dollars, which note was discounted at said bank," &c.    There is no other description or proof relating to the note than this, except in the notice attached to the transcript, which cannot be considered as was determined in the case of Bates *vs.* the Planters' & Merchants' Bank, at this term; and according to the principles determined in that case, and the previous decisions of this court, it is not sufficient.    The record does not shew that the note was made payable and negotiable at the Planters' & Merchants' Bank, and this court cannot intend that it was thus made.    If not made negotiable and payable at that particular bank, the charter did not give the right to recover on it by motion.

It is, however, insisted, that an act passed on the thirtieth of June, eighteen hundred and thirty-seven, covers the case.    The act provided, that "if any person shall become indebted to any of said institutions," (including

Levert *vs.* the Planters' & Merchants' Bank.

this bank,) "by bill, bond, note, or other contract, for the payment of money, and shall delay payment thereof, the said banks may sue for and collect the same by summary remedy, as in other cases under the charter of said banks."

Giving to this act a just interpretation, it would seem very clear that it contemplated to give this remedy only to the future acquisitions of the banks. It does not appear when the bank acquired property in the note; and it is just as likely to have been before the passage of the act, as afterwards. But the right of the bank to this summary remedy cannot be maintained by the inference, that it might not have obtained property in the note, until after the thirtieth of June, eighteen hundred and thirty-seven. The note bears date on the twentieth of June, eighteen hundred and thirty-seven, and if acquired before the thirtieth of June, was a debt, though not payable until a future day. The remedy being in derogation of the common law, cannot be enforced; unless the party claiming the benefit of it, shows affirmatively on the record that he is entitled to it.

That not being done in this case, the judgment must be reversed and the cause remanded.