## BROWN v. BARTLETT.

1. A judgment may be amended *nunc pro tunc* at a succeeding term of the Court if there be sufficient evidence to amend by.
2. The word "dismissed," found opposite the case on the docket of the judge, in his hand writing, will not of itself be sufficient to authorize an amendment of the judgment at a succeeding term, so as to make the defendant liable for costs.

Error to the Circuit Court of Pike County.

This suit was commenced originally before a justice of the peace, by the defendant, against the plaintiff in error, in which the former obtained judgment and the latter removed it by *certiorari* to the County Court of Pike county. The counsel for one of the parties being appointed judge of the County Court, the cause was transferred to the Circuit Court of Pike county—and at the Spring term 1839, of that Court the cause was, by the judgment of the Court, dismissed at the cost of the plaintiff. At the Fall term, 1840, of the Court, the following entry appears, " ordered by the court that the judgment entered in this case at the Spring term of 1839, be so amended as to make the defendent liable for costs, for which execution may issue." There is also sent up with the record a transcript

from the trial docket with the word "*dismissed*" opposite the case, and a certificate by the clerk that the word "*dismissed*" found on the trial docket, is in the hand writing of the presiding judge, and that no other memorandum or entry appears in relation to said cause. From the amended judgment the defendant below prosecutes this writ of error, and assigns that there was no authority to enter such judgment.

Buford, for plaintiff in error.

ORMOND, J.—It is objected for the plaintiff in error, that no amendment can be made in a judgment after an interval of one term—such is not the law, the amendment may be made at any time if the evidence is in existence, which will authorize it to be done. In the case of Goldthwaite v. Wilkerson [1 Stewt. & Por. 159] an amendment of this kind was made after the lapse of seven years.

What evidence will be sufficient to authorize the amendment of a part of the record *nunc pro tunc*, is largely discussed in the case of Moody v. Keenar, 9th Porter, 252. In the case of Thompson & Miller, [2d Stewart's, Rep. 470] it was held that such an amendment could not be made on oral testimony, and was only authorized "when predicated on matters of record or some entry made by or under the authority of the Court."

If we were at liberty to notice the entry on the trial docket, which the clerk states was a memorandum of the presiding judge, (but which is no part of this record) it would not justify the amendment made in this case. The word "dismissed," if it indicates, as it must be held to do, the disposition made of the cause at the first trial, did not authorize the amendment, as the judgment entered at the trial term, was in exact accordance with it. The cause could only have been dismissed by the plaintiff and at his own cost, unless by the agreement of the defendant, the costs were to be levied against him.

There does not appear therefore to have been any warrant for the amendment, none such appears in the record, and we cannot presume that any exists. Let the judgment of the Court, amending the previous judgment, be reversed.