MURPHY'S ADM'RS, v. THE BRANCH OF THE BANK OF THE STATE OF ALABAMA, AT MOBILE.

1. The right of the Branch Bank at Mobile, to recover judgment on thirty days notice, is a summary proceeding, authorised by the statute, creating the institution; and the provisions of the statute must be strictly pursued.

2. That remedy is only given against the *maker*, or *endorser* of a note, bill, or band; and is not authorised against the *representatives* of a deceased maker or endorser.

3. The administrators of a joint maker of a note, &c. cannot be sued jointly with the surviving makers.


ERROR to the Circuit Court of Mobile.

422 ALABAMA.

Murphy's adm'rs, v. The Branch of the Bank of the State of Alabama at Mobile.

In this case, it appears, a note had been given by John Murphy, deceased, D. R. W. McRae, Francis B. Carter, W. R. Hamilton, and W. Henderson, to B. Gayle, cashier, or bearer, for the payment of $14,136 46-100, for value received, twelve months after date, payable and negotiable at the Branch Bank at Mobile. When the note fell due, default having been made in payment, these proceedings were commenced by a joint notice, directed to Duncan W. Murphy and Robert N. Murphy, administrators of John Murphy, deceased, and to the other makers jointly ; and at the spring term, 1842, of Mobile Circuit Court, a judgment, pursuant to said notice, was rendered, on motion, jointly, against all said defendants, for the full amount of said note, with costs—execution to issue, and be levied of the goods and chattels, rights and credits of John Murphy, deceased, in the hands of the said administrators, yet to be administered, as well as of the goods and chattles, lands and tenements of the other defendants in their own right.

To reverse this judgment, the writ of error is prosecuted, and it is now assigned for error :

1. The judgment shews no title in the Bank, to the note sued on ; it not appearing that the payee had endorsed it over.

2. There is a joint judgment by default against the administrators of the intestate, and against the securities of the said intestate individually.

3. The court below erred in rendering judgment against D. W. Murphy and Robert N. Murphy, as administrators of John Murphy, deceased, on motion.

4. There is a misjoinder of defendants, in the notice, and judgment, in this, viz : the notice is directed jointly to the administrators of the said John Murphy, deceased, and the securities of the intestate to the note, and the judgment is by default, jointly, against them all, &c.

PEARSON & PECK, for the plaintiffs in error.
PORTER, contra.

CLAY, J.—1. This is a summary proceeding, given by statute, and unknown to the common law : consequently, to sustain the judgment, it must appear that the statute has been strictly pursued. This doctrine has not only been recognized in the case

of McWalker v. The Branch of the Bank of the State of Alabama at Mobile, [3 Ala. Rep. N. S. 153,] but in all other cases, decided by this court, where the question was properly presented. It will only be necessary, therefore, to look into so much of the statute, establishing the Branch Bank at Mobile, as gives this summary remedy against its debtors. It is in these words:

"§ 7. If any person or persons shall be indebted to said Branch Bank, as *maker* or *endorser* of any note, bill, or bond, expressly made payable and negotiable at said Branch Bank, and shall delay payment thereof, it shall be lawful for the President of the Branch Bank, after having given thirty days' notice thereof, to move the circuit court of the county of Mobile, on producing to said court, before which the motion is made, the certificate of the President of the Branch Bank, that the debt is really and *bona fide* the property of said Branch Bank, for judgment, &c."

John Murphy, the intestate, was one of the *makers* of the note, which is the foundation of this summary proceeding; Duncan W. Murphy and Robert N. Murphy have been appointed his administrators, since his death, and are liable in that capacity, alone— it is not pretended that they were either *makers* or *endorsers* of the note. Would it be consistent with the rule laid down, to subject them to a judgment, on thirty days' notice, and motion? As the remedy is only *expressly* given against the *makers* and *endorsers*, and not extended in terms to the *representatives* of those, who may die before payment, it cannot be properly used against those who are only liable in that capacity.

This principle was fully recognized in the case of Dumes vs. McLosky, decided at the January term, 1843. That was a summary proceeding, by way of distress for rent, in the city of Mobile, under the act of 1834. In that case the court confined the remedy to the tenant individually, and stated—"This is a summary remedy, and according to all our decisions upon this class of cases, cannot be extended, by construction, beyond its terms."

The case of Logan, adm'r v. Barclay, [3 Ala. Rep. N. S. 361] is one strongly in point. That was a proceeding against a constable, by motion, under the statute, for failing to make money upon an execution, when he could have done so, by the use of due diligence. The court held that, after the death of the constable, pending the motion, the suit could not be revived against his administrator, because the revival of the suit is not provided for by

the statute. Without pursuing the subject further, it is sufficient to repeat, that such has been the uniform current of the decisions, made here, whenever the question has been presented. Hence, the administrator of a deceased maker or endorser of a promissory note, bill, or bond, which is the property of the Branch Bank at Mobile, is not subject to a recovery, in this form of proceeding.

2. There was, also, a misjoinder of the parties. It is too well settled, to require argument, that, at common law, an administrator of one of several joint contracting parties, cannot be sued in the same action with the survivors. On the principles already stated, in this case, we do not think the act of February 3d, 1840, entitled " an act to change the manner of bringing suits on bills of exchange and negotiable paper," which has been referred to by the counsel for the defendant in error, will warrant a joint proceeding against the administrators of a deceased maker, or endorser, of a joint note or bill, and the surviving makers, or endorsers.

These points sufficiently dispose of the case, and it becomes unnecessary to notice the other assignment.

Let the judgment of the court below be reversed.