# ADM'RS OF ALEXANDER v. THE BRANCH BANK AT MONTGOMERY.

1. The Branch Bank at Montgomery cannot obtain judgment against the representatives of a deceased maker of a promissory note, &c., on motion. It is a summary remedy given by statute, which cannot be extended by construction.
2. The deposition of a practising physician, under the act of January 28, 1840, or of a witness residing out of the State, may be taken, either by way of interrogatory or otherwise, as the party desiring the testimony may elect.

Error to the County Court of Montgomery.

CLAY, J.—It appears by the record, that this case commenced by a notice of the President of the Branch Bank at Montgomery against the plaintiffs in error, as administrators of Edmund Alexander, deceased, who, in his life time, together with Dela Durden and Thomas Durden, (who are not sued in this case,) made a promissory note for fifteen hundred dollars, payable to the cashier of said Branch Bank, and negotiable and payable at said Branch Bank. The notice is in the usual form, and having been duly executed on the several parties, they relied on the plea of *non est factum*, which being found against them by a jury, judgment was rendered for the amount of the debt, interest and costs. To reverse that judgment, this writ of error is prosecuted, and the plaintiffs now assign the following errors :

1. That being administrators, they were not liable to be proceeded against by the bank, on motion.
2. Because the testimony of Dr. Edmund Fowler, should not have been read to the jury, for the reasons assigned in the bill of exceptions.

1st. In regard to the first assignment of errors, the question was settled by the opinion of the court, at the present term, in the case of the administrators of John Murphy, deceased, and others v. The Branch Bank at Mobile. The court then held, that the remedy, by motion, being a summary proceeding, unknown to the common law, and given by the statute which created the institution, must be strictly pursued, and that the statute, only authorizing such remedy against the *"maker* or *endorser* of any note, bill, or bond

expressly made payable and negotiable at said branch bank," could: not be extended, by construction, to the representatives of a deceased debtor. By recurring to the corresponding provision in the law establishing the Branch Bank at Montgomery. [Aik. Dig. 72, § 8,] they will be found to be literally the same, so far as this point is involved; consequently, there is error in the judgment of the court, in the case now presented.

2d. Such being the opinion of the court on the first assignment of errors, it would not be indispensable to notice the *second*, on this occasion; nor should we do so, except that the question it presents, is likely to arise frequently in the future practice of the courts below. This assignment objects to the opinion of the court below, admitting the deposition of Dr. Edmund Fowler, and to sustain the objection, relies on the reasons assigned in the bill of exceptions. On looking to the bill of exceptions, we find the only ground relied on to exclude the deposition, was *that it was taken by interrogatories.* The act of January 28, 1840, [Meek's Sup. 88,] which authorises depositions of practising physicians, as well as those of certain public officers to be taken, declares it may be done " *in the same way and manner*, and on like notice, as now provided for the taking of depositions of *witnesses residing without the limits of this State.*" The law referred to, in the latter clause of this provision, is the *11th sec.* of the act of 1807, [Aik. Dig. Depositions, sec. 1,] which authorises the depositions of persons residing out of the State, to be taken, generally, and without declaring whether the depositions shall be taken by interrogatory or otherwise. The 12th section of the same act [Ibid,] provides in like manner for taking the depositions of witnesses about to leave the State. The 13th sec. of the same act, [Ibid,] provides that " either party, wishing to improve the testimony of witnesses, absent from the State, may take the same by interrogatories, &c."

The only case heretofore decided by this court, which seems to have rendered it necessary to consider this question is, that of Glover v. Millings, [2 Stewart & Porter, 28.] In that case, the deposition of a witness, who resided in the State of Vermont, had been taken in the usual manner, and it was objected, that " it could only have been done in the manner prescribed for taking testimony by interrogatories." The witness in that case, resided out of the State; the depositions of practising physicians are re-

quired to be taken in the same manner, required for taking those of witnesses residing out of the State. In the case cited, it appears, it was insisted upon as error, that the deposition had *not* been taken in the manner in which the one now under consideration was taken, and the taking which, by way of interrogatory, is now assigned for error. As a point of practice, therefore, it is well it should be settled.

In the case of Glover v. Millings, before cited, the court seems to have regarded the construction of the several sections of the act of 1807, which have been adverted to, as not very clear and satisfactory, and concludes the question by remarking, "until the Legislature will establish a more certain and uniform method, that the party, seeking such testimony, is at liberty to elect either course." This was safe ground, upon which to leave a question, upon which such contradictory opinions were entertained. The mode of taking depositions was of less importance than that the practice should be placed on a footing, least likely to endanger the interest or safety of parties. Hence, we do not conceive there was error in the opinion of the court below, overruling the objection to the deposition of the witness.

But, on the first assignment of errors, let the judgment be reversed.