## ANDREWS' ADM'R v. THE BRANCH BANK AT MOBILE.

1. It is competent for a defendant to sue out a writ of error to revise a judgment in form *nunc pro tunc* any time within three years after its rendition, where nothing bearing the semblance of a judgment had been previously rendered, the statute limiting the prosecution of writs of error would not begin to operate sooner.

2. To authorize a judgment to be rendered *nunc pro tunc*, there must be some matter of record, or memorandum of the court, and the regularity of such judgment may be revised on error.

3. The summary remedy provided by statute in favor of Banks, will not lie against the representative of a deceased debtor of a Bank.

4. Where a judgment by *default* or *nil dicit* is rendered upon motion, in favor of a Bank, the record must show the liability of the defendant for the debt or demand, and that the facts were proved which gave the court jurisdiction.

Writ of Error to the Circuit Court of Mobile.

ON the 2d day of December, 1842, a notice in usual form, was addressed to J. H. Walker, George Walker, and Thomas Andrews, informing them that the county court of Mobile would be moved for judgment against them, as the maker and indorsers of a promissory note, particularly described, at the term next thereafter to be holden, &c. This notice was executed by the sheriff of Lowndes on the two first named individuals, and "John Andrews, administrator of Thomas Andrews, deceased," on the 25th January, 1843. The record does not show that any entry or order was made upon the notice, until the 14th day of February, 1846, when a judgment was rendered as follows: " This day came the said Branch Bank by its attorney, and proves to the satisfaction of the court, that on the 13th day of March, A. D. 1843, a day of the February term, 1843, of the county court of Mobile county, the said Branch Bank recovered judgment a-

gainst said defendant, for the sum of $4065 40 on a promissory note for $3135 37, dated Lowndes county, 29th September, 1837, payable on the 7th day of June, 1839, to Andrew Armstrong, cashier, or bearer, made by G. Walker, J. H. Walker and Thomas Andrews, which judgment was not entered upon the minutes. It is on motion of said Branch Bank, considered by the court, that said judgment be entered *nunc pro tunc*, and that the said Branch Bank recover against defendant as of the 13th day of May, A. D. 1843, the sum of $4065 40, for its damages, due by said promissory note, together with its costs, by it herein expended; to be levied of the goods and chattels of Thomas Andrews deceased, in his hands to be administered·" This entry is entitled thus— "The Branch of the Bank of the State of Alabama at Mobile v. John Andrews, administrator.

J. A. CAMPBELL, for the plaintiff in error, made the following points: 1. The court erred in rendering a judgment *nunc pro tunc*, no evidence being shown of record of the facts on which the motion was founded. 2. The judgment entered shows that the court had no jurisdiction. The defendant is an administrator, and the judgment condemns the assets in his hands. This could not be done by motion. [Adm'r of Alexander v. Branch Bank at Montgomery, 5 Ala. R. 465.] 3. The judgment entered does not contain the recitals required by law. No certificate of the President of the Bank is shown. A notice to the plaintiff in error of the motion, thirty days before it was made, is not disclosed by the proof shown in the judgment. Nor is the fact of a debt having been produced and established to the court, shown. 4. The writ of error is not barred by the statute; there was no judgment to be revised until February, 1846. 5. A judgment *nunc pro tunc* may be revised on error. [Wilkinson v. Goldthwaite, 1 Porter's Rep. 159.] When that judgment was rendered, the cause was not properly in court. [Bank of Mobile v. Hall, 6 Ala. Rep. 143.]

J. W. LESSESNE, for the defendant in error. There is no error in the record that this court can at this time revise. The writ of error is sued out more than three years after the

date of the judgment, and must therefore be dismissed. It cannot alter the case that it is a judgment *nunc pro tunc*, entered up as of the 13th March, 1843. That is the date of the judgment. The entering up of the judgment is a mere ministerial act of the clerk, and his omission to make the entry cannot prejudice the plaintiff—and in case of such omission, the court, as a matter of right, not of favor, orders the entry to be made as of the day when it should have been made. If this was not the law, the most serious consequnces might result. Thus, suppose two creditors pursuing their rights by suit—A, by superior diligence, gets a judgment first, but it is not entered up by the clerk. B obtains a judgment afterwards. According to the reasoning on which this writ of error is sought to be sustained, the lien of A's judgment would be postponed to B's. This is not the law—for the same reason that bars this writ of error, viz : that the judgment *nunc pro tunc* relates back to the time when the original judgment was rendered. The entry in fact is evidence of what was done, supplied at a subsequent day, instead of being a contemporaneous act with the judgment. The Bank of Mobile v. Hall has no application. The effect then is, to reverse a judgment rendered more than three years ago, by a writ of error, because the evidence of such judgment was afforded by a new entry within three years. It is believed, that not a sigle authority can be found to sustain such a proceeding—nor can this court entertain the writ of error without invading both the principles and analogies of the law.

COLLIER, C. J.—The record does not show that any judgment was rendered in this cause until February, 1846. There was then nothing remaining in the county court from which a writ of error could be prosecuted previously. Whatever may be the law, where there is an imperfect or irregular judgment, which is afterwards perfected, or legalized by judgment *nunc pro tunc*, we think it competent to sue a writ of error to revise a judgment in form *nunc pro tunc* any time within three years after its rendition, where nothing bearing the semblance of a judgment had been previously rendered. The opposite conclusion would leave the defendant remedi-

48

less, without any fault on his part. It is clearly incumbent upon the plaintiff to obtain a judgment upon which an appeal will lie before he can insist upon the statute of limitations against its revisal when amended.

It is certainly true, that to authorize a judgment to be rendered *nunc pro tunc*, there must be some matter of record, or memorandum of the court. [Thompson v. Miller, 2 Stew. Rep. 470; Brown v. Bartlett, 2 Ala. Rep. 29.] And the regularity of such judgment may be revised on error. [Wilkinson v. Goldthwaite, 1 Stew & P. Rep. 159.]

In Alexander's adm'r v. The Branch Bank at Montgomery, 5 Ala. Rep. 465, it was held, that the Bank could not by notice and motion, as in ordinary cases, recover a judgment against the representatives of the deceased maker of a promissory note. The remedy by statute was summary and extraordinary—authorizing the proceeding against the "maker or indorser of any note, bill," &c., and "could not be extended by construction to the representatives of a deceased debtor." See also, Murphy's adm'r v. The Branch Bank at Mobile, 5 Ala. Rep. 421.

It has been so often decided as to be the settled law of this court, that where a judgment is rendered by default, or on *nil dicit* in favor of a Bank, upon motion, the record must show the liability of the defendant for the debt, or demand, and that the facts were proved which gave the court jurisdiction. [1 Minor's Rep. 25; 8 Porter's Rep. 99, 104, 360; 4 Id. 181; 9 Id. 471; 1 Ala. Rep. N. S. 268; 3 Id. 153; 5 Id. 26.]

By a reference to the judgment in the case before us, it will be seen that it is obnoxious to all, or nearly all the objections which have been taken to it. The judgment *nunc pro tunc* is therefore reversed.