## SPENCE, et al. v. RUTLEDGE, Adm'r, &c.

1. When the judgment entry recited that the plaintiff came by attorney, and "service being proved, and discontinued as to Elrod, on whom process was not served," it must be intended that the acceptance of the service of a writ as indorsed upon it, and subscribed by the defendants against whom the judgment is rendered, was shown to be genuine.

2. It is not necessary in declaring on a writing obligatory, to alledge that it was delivered to the obligee—delivery will be presumed from possession by him.

3. A specialty was made payable to M. H. and S. M., executrix and executor of J. H. deceased, and in a declaration thereon, R. (the plaintiff,) described himself as administrator *de bonis non* with the will annexed, &c. of J. H. deceased, unadministered by M. H. and S. M.—alledging that after the making of the writing obligatory, the executrix and executor were removed from the administration, and R. appointed in their stead: *Further*, that the writing being unpaid, was given over by the executrix and executor, as part of the unadministered assets of J. H's estate—of all which the defendant had notice, &c. *Held*, that after a judgment by default, it would be intended the writing was assets of the testator's estate, that M. H. and S. M. had been removed, and had delivered the same to R. as their successor, and that consequently he could maintain an action thereon.

4. Where in rendering a judgment by *nil dicit* or default, on a demand ascertained by writing, too much interest is salcutated, the error will be corrected on motion, or in thy appellate court at the cost of the plaintiff in error.

Writ of Error to the Circuit Court of Talladega.

THIS was an action on a bill single, at the suit of the defendant in error, payable to " Margaret Hall and Samuel McClerkin, executrix and executor of the estate of James Hall, deceased." The plaintiff describes himself in the declaration as " administrator *de bonis non* with the will annexed of the goods and chattels, rights and credits of James Hall, deceased, unadministered by Margaret Hall and Samuel McClerkin ;" alledges, that after the making of the said writing obligatory, the executrix and executor were removed from the administration of the testator's estate by the orphans' court of Talladega, and the plaintiff duly appointed in their stead by that court. It is further stated, that the writing declared on being unpaid, " was given over to plaintiff by the said executrix and executor as part of the unadministered assets of said estate—of all which defendants had notice," &c. The defendants having failed to appear, a judgment by default for the amount of the writing with interest, was rendered against them.

S. F. RICE, for the plaintiff in error, made the following points : 1. The declaration should have averred a delivery of the writing obligatory by the obligors. 2. It should also have been alledged directly and positively that it was part of the assets of the testator's estate—the allegation on this point is altogether insufficient. [6 Ala. Rep. 387 ! 9 Mis. R. 169.] 3. The process was not served by the sheriff, and proof of its acceptance was not such as to show that all the defendants against whom judgment was rendered were before the court. [9 Port. Rep. 425.] 4. The judgment is for more damages than the declaration will either authorize or sustain.

L. E. PARSONS, for the defendant in error. The judgment

entry shows that the acceptance of service of proeess by the defendants below was proved; but if this were doubtful, every intendment should be made in favor of it. [3 Stewt. R. 444; 1 Ala. Rep. 80, 182, 205; 3 Id. ¦109, 632.] A judgment by default, is an admission of every allegation in the plaintiff's declaration and of his right to recover.

On a note payable to an administrator, the right of action follows the administration, and an administrator *de bonis non* may sue. [Minor's Rep. 206; 6 Ala. Rep. 387, 399; 7 Id. 478.] If the judgment by default, be for too much, it is an error which will be amended at the cost of the plaintiff in error.

COLLIER, C. J.—Both the defendants against whom the judgment was rendered, appear by indorement on the writ to have acknowledged its service. The judgment entry commences thus—" This day came the plaintiff by attorney, and service being proved, and discontinued as to Elrod, on whom process was not served—and the defendants being called came not, but made default." We think it perfectly clear, from the recital, that as to all the defendants against whom process was issued, except him as to whom a discontinuance was entered, the service of the writ was proved.

It is not necessary, in declaring upon a writing obligatory, to alledge its delivery to the obligee; it will be inferred from his possession, that it was duly delivered, and if the reverse is true, it devolves upon the obligor to prove it, if it can avail him any thing.

In King v. Green, 2 Stew. Rep. 133, it was said that bonds and notes taken by an executor or administrator, for the estate of the testator, or intestate, which has been regularly sold, are to be " held by them, not in their own right, but as assets in the right of others. And hence, upon their death, resignation, or removal, such notes and bonds would pass to those intrusted with the further administration, as part of the estate unadministered." The case of King and Clarke v. Griffin, use, *&c.* 6 Ala. Rep. 387, is unlike the present. There the action was brought in the name of the payee of a promissory note, for the use of another person. The payee was described in the note as the sheriff and adminis-

trator of the estate of J. C., &c.    A demurrer was interposed
to the declaration, upon the ground that the beneficial plain-
tiff was shown to be the successor in the administration, and
the suit should have been brought in his name.    We said,
"it has been repeatedly decided, that the assets which come
to the hands of an administrator pass to his successor, if he
dies, resigns, or is removed, before he administers them.
Under the influence of this principle, the administrator *de
bonis non*, becomes entitled to the bonds, notes, &c. which
his predecessor had in his hands when his representative func-
tions ceased." It was however decided, that although the
payee may have held the note as the administrator of the in-
testate named in it; yet as it could not be assumed from the
declaration, that the beneficial plaintiff succeeded him in
that trust, the demurrer was rightly overruled.

True in the case before us, the declaration does not con-
tain a formal allegation that the writing on which it is found-
ed was assets in the hands of the obligees, but it is strongly
intimated in *King v. Green*, that this is inferrible from what
appears on the face of the paper.    Be this however as it may,
we think it is substantially alledged, that it was due to the
obligees in their representative character, and upon their re-
moval from the administration, passed to the plaintiff as their
successor.    Looking to the entire declaration, we think it so
satisfactorily shown that the obligees are not without mean-
ing designated as "executrix and executor," but it was in-
tended to show the character in which they were contracted
with, and were to receive the money.    This being so, there
is no difficulty in understanding why the writing was passed
over to the plaintiff as part of the assets of the testator's es-
tate.    Let this view suffice to show, that the declaration is
free from error.    The clerk will compute the interest upon
the cause of action, from the time of its maturity up to the
rendition of the judgment in the circuit court, and if too
much damages have been adjudged, he will make the appro-
priate correction as the statute directs, at the cost of the plain-
tiff in error; in other respects the judgment is affirmed.