## NATION *vs.* ROBERTS.

1. A security who has paid off a joint judgment, obtained by their common creditor against himself and his co-surety and their principal, is not entitled to a summary judgment on motion against his co-surety, either under the act of 1821 or that of 1839.

2. The acts of 1821 and 1839, (Clay's Digest, 531, 533,) which give summary judgments in certain cases against securities, are in derogation of the common law, and must be so construed as not to embrace cases which are not within their legitimate meaning.

ERROR to the Circuit Court of Morgan.

Tried before the Hon. L. P. Walker.

This was a motion by the plaintiff to recover a judgment against the defendant for the sum of two hundred and fourteen dollars and seventy-nine cents, besides interest there-

on. The notice of the motion sets forth the grounds on which it was made, which are, that the plaintiff and defendant became joint securities for one Thomas Reed on a promissory note to the Branch Bank at Decatur, upon which suit was brought by the Bank, and a joint judgment recovered against Reed, and also against the plaintiff and defendant, for the sum of three hundred and forty dollars debt, besides the cost, which judgment the plaintiff himself paid. Reed, the principal, is insolvent, and the defendant was sought to be charged with one half of the judgment and cost, as a co-security, which the plaintiff had thus paid. The defendant demurred to the notice, and the demurrer was sustained by the court. To reverse the judgment sustaining the demurrer, the plaintiff prosecutes a writ of error to this court.

D. C. HUMPHREYS, for plaintiff in error.

The statute of 1821 (Clay's Digest 531 § 4) gives the remedy by motion against obligors, &c., for their respective shares, in favor of the security, or securities, against whom judgment has been obtained and execution awarded, when the principal is insolvent. This court has fully passed upon this statute, and sustained, by that decision, the right of the plaintiff here to proceed by the summary mode of notice and motion. Roberts v. Adams, 6 Porter 361.

The statute of 1839 (Clay's Digest 533, § 12) gives the summary remedy by motion, to a surety who has been sued against a co-surety who has not been sued; but it does not require proof of the insolvency of the principal.

Now it is true, that the letter of neither act embraces this case; but certainly the spirit of each does. The allegation of the insolvency of the principal does not take away the remedy under the act of 1839. The plaintiff had a right to proceed in a court of equity, or to sue at law, or to avail himself of the summary remedy given by statute. Couch v. Terry's Admrs., 12 Ala. 225; Sherrod v. Rhodes, 5 ib. 683; Young v. Clark, 2 ib. 264.

R. C. BRICKELL, for defendant in error.

1. The statute of 1821 (Clay's Digest 531, § 4) contemplates that the remedy provided by it shall be given, only

when judgment has been rendered and execution awarded in favor of the common creditor against *one* surety, a co-surety not having been sued by the creditor; or if one is sued, and judgment obtained against him, that on his motion, judgment should be rendered against each co-surety, for the amount for which each is liable. It does not authorize a motion to be made by one surety against another, when both are sued by the common creditor, and judgment obtained by him against both. The object of the statute was to place the sureties upon an equal footing, by giving to the surety against whom the creditor obtains judgment, a speedy remedy to compel all the sureties to contribute to the payment of a common liability. If there was already a judgment and execution in favor of the common creditor against both sureties, this remedy was unnecessary. The fact that the plaintiff in this case paid the judgment, does not affect this question. It is not the payment, but the rendition of judgment in favor of the creditor, that gives the remedy.

But suppose we adopt the construction contended for by the plaintiff in error. Immediately on the rendition of judgment in favor of the creditor, Nation was entitled to a judgment against Roberts, Roberts was equally entitled to a judgment against Nation, and this too when the creditor had a judgment against both.

2. Nor can the notice in this case be sustained under the act of 1839, (Clay's Digest 533, § 12.) That statute was passed in aid of the statute of 1821. Under the act of 1821, the surety against whom the creditor obtains judgment was not entitled to the statutory remedy, *unless the principal was insolvent.* He could not sue until after the creditor obtained judgment against him; and if there were ten sureties, and eight of them were insolvent, judgment could only be rendered for one tenth of the amount for which the surety suing was liable. To remedy these defects, the statute of 1839 was passed. To maintain the remedy given by the statute last cited, the plaintiff must allege in the notice, 1. That a suit is pending against him as surety, founded on a bill, note, bond, covenant, or other written instrument; 2. If he desires judgment for more than an aliquot portion of the debt, that the other sureties are insolvent. Broughton v. Robinson, 11 Ala. 922.

3. The cases in 2 Ala. 264, 11 ib. 922, and 12 ib. 225, construe only the statute of 1839. This notice was evidently framed in view of the remedy given by the statute of 1821. The allegation of the principal's insolvency, and of the rendition of judgment against the plaintiff, shows this conclusively.

4. The notice does not connect the defendant as surety, with the judgment, which the plaintiff alleges he paid. It is true, the plaintiff alleges that he and the defendant were sureties for Reed, on a note described as payable to the Bank. But it is not alleged, that the judgment paid by plaintiff was rendered on that note. This was a material fact, necessary to be proven, and if a judgment by default had been rendered against the defendant, a fact which the record must have shown. Brown *et al.* v. Wheeler, 3 Ala. 289.

DARGAN, C. J.—A security who has paid the debt cannot recover of his co-security by way of contribution in this summary mode. Neither of the acts upon which the plaintiff relies, goes this far. The act of 1821, (Clay's Digest, 531) allows a security who has been sued alone, and against whom execution is awarded, if the principal be insolvent, to move the court in which the judgment was rendered, for judgment against the co-securities who were not sued, for their proportionate part. The act of 1839 allows a security against whom a suit is pending, to move for judgment against a co-security who is not sued, for his proportionate share of the debt. But neither of those acts allows one security to move against the other, when the common creditor proceeds against both or all the securities, and obtains a joint judgment against them. When the creditor thus proceeds, and obtains a judgment against all the securities, until one has paid all or more than his aliquot part, he has no cause of action against his co-security; and if the judgment be satisfied by one alone after its rendition; he is then remitted to his common law remedies, and stands in the same situation as if he had paid the debt, without suit, in which case it would not be pretended that he could claim the summary remedy given by the statute. It may, however, be urged, that these statutes are remedial, and should be extended by construction so as to reach the case at bar; but the answer is, that as they are in derogation of the

common law, and give an extraordinary remedy, they must be strictly construed : I mean, they must be so construed as not to embrace cases not within the legitimate meaning of the act. See Levert v. The Planters' and Merchants' Bank, 8 Porter, 104; Murphy's Adm'r v. The Branch Bank at Mobile, 5 Ala. 421; The Adm'rs of Alexander, v. The Branch Bank at Montgomery, 5 Ala. 465.

There is no error in the judgment, and it must be affirmed.