## DICKENS vs. BUSH.

1. In an appeal case from a justice of the peace, the judgment entry recited a verdict for plaintiff, but did not state the amount of it; on the judge's docket was a memorandum, in his hand-writing, in these words: "Jury and verdict for plaintiff, and fifteen per cent. damages;" and certain notes were found among the papers of the cause, corresponding with the pleadings: *Held*, that this evidence was not sufficient to authorize the entering of a judgment *nunc pro tunc* at a subsequent term for the amount of the notes.

ERROR to the Circuit Court of Barbour.

Tried before the Hon. ROBERT DOUGHERTY.

MOTION to enter a judgment *nunc pro tunc* by David A. Bush against Ephraim Dickens. The record shows that Bush sued Dickens before a justice of the peace, and obtained judgments against him in several cases, all of which Dickens removed by appeal into the Circuit Court. At the Spring term, 1852, a judgment was rendered in said court, as follows:

"Came the parties by their attorneys, and the plaintiff moves to consolidate this and the seven following cases, which motion is granted; and the parties having joined issue, there came a jury of good and lawful men, to-wit: &c., who upon their oaths say, they find for the plaintiff, and assess the damages at . It is therefore considered by the court, that the plaintiff recover of the defendant the said sum so assessed, and fifteen per cent. damages on the same for frivolous appeal, and also the costs of suit."

In support of his motion, the plaintiff produced the judge's docket, on which were the following memoranda in the handwriting of the presiding judge: "This and the seven following cases consolidated;" "Jury and verdict for plaintiff, and fifteen per cent. damages." It also appeared that there were several promissory notes on file, among the papers of the cause, corresponding with the pleadings.

On this evidence, the court entered judgment *nunc pro tunc*, as of the Spring term, 1852, for the amount of said notes and fifteen per cent. damages thereon, the plaintiff agreeing to remit the interest. This judgment is now assigned for error.

P. T. SAYRE, for plaintiff in error.

E. C. BULLOCK, *contra*.

GOLDTHWAITE, J.—The only question in this case is, whether the court erred in allowing a judgment *nunc pro tunc* to be entered upon the evidence as disclosed by the record.

The rule is well settled, that to authorize a judgment of this character, there must be either some matter of record, or some entry or memorandum made by or under the authority of the judge.—Andrews v. The Branch Bank, 10 Ala. 375.

The entry by the judge on his docket, of "jury and verdict for plaintiff, and fifteen per cent. damages," affords no information as to the amount of the verdict, either by itself, or when taken in connection with the notes which were found on file with the papers in the cause. The verdict may have been for less than the amount of the notes.

It is urged, however, that as it appears from the entry of the judge, that fifteen per cent. damages were awarded, and the cases were on appeal from a justice, inasmuch as these damages are only given when it appears to the judge that the appeal was taken for delay, it shows that the verdict was at least for the amount of the judgment rendered by the justice. The answer to this is, that the entry establishes simply that, in the opinion of the judge, the appeal was taken for delay; and as the facts on which the opinion was based, do not appear, it, at the most, is but a conclusion; and this court could not, in the absence of the facts upon which it was founded, say that it was correct. In other words, we cannot say whether the judgment of the court in awarding damages was right or wrong; and to amend a record upon evidence of this character would be going beyond all precedent.

The judgment must be reversed, and the cause remanded.