## WEST *vs.* GALLOWAY'S ADM'R.

[MOTION TO AMEND JUDGMENT NUNC PRO TUNC.]

1. *Admissibility of parol evidence.*—On motion to amend a judgment *nunc pro tunc,* parol evidence is not admissible to prove facts not shown by the record.

2. *Sufficiency of evidence to authorize amendment.*—An entry " on the minutes kept by the presiding judge," in these words, " Service proved, and judgment," is sufficient to authorize an amendment of the judgment at the next term, *nunc pro tunc,* so as to show that proof of the service of the writ was made to the court.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. WM. S. MUDD.

THIS action was brought by Grandison Galloway, as the administrator of Nancy Galloway, deceased, against Hugh R. West, and John P. West. At the return term of the writ, a judgment by default was rendered against both the defendants. At the next term, held in March, 1858, the plaintiff moved the court to amend this judgment *nunc pro tunc,* as of the preceding term, " so as to set forth in said judgment entry that the service of the summons and complaint upon the defendants was proved to the satisfaction of the court upon the trial of said cause." On the trial of this motion, as the bill of exceptions states, " the plaintiff introduced the minutes kept by the presiding judge at said term of the court, and showed the following entry thereon by said judge : ' Service proved, and judgment.' The defendants then introduced as a witness, against the plaintiff's objection, one C. G. Samuel, who testified, that he was the attorney who issued the summons and complaint in the case, and handed the same for execution to D. W. Prentice, deputy sheriff; that John P. West accepted service of said summons in his presence ; that Prentice, at the request of said John P. West, then signed the name of the other defendant to said acceptance ; that Hugh R. West was not then present ; and that this was the only service proved before the court at the last term. This being all the evidence, the court

directed that the judgment might be amended with the same words as appeared on the judge's docket, but no further; to which ruling of the court said Hugh R. West excepted," and which he now assigns as error.

S. LEIPER, for the appellant.

JNO. T. MORGAN, *contra*.

STONE, J.—In considering the motion to enter judgment *nunc pro tunc*, the primary court should have regarded only the record evidence.—Thompson v. Miller, 2 Stew. 470.

The evidence adduced was *record* evidence, and it authorized the correction of the judgment *nunc pro nunc*. Thompson v. Miller, *supra*; Brown v. Bartlett, 2 Ala. 29; Spence v. Rutledge, 11 Ala. 590.

The judgment being regular, and that judgment relating back to the time it was first rendered, it must be affirmed.