# Reed *v.* Summers.

*Motion for Summary Judgment against Sureties on Official Bond of County Superintendent of Education.*

1. *Action on bond; who are proper parties defendant; amendment striking out defendant improperly joined, or discontinuance.*—On the death of one of several joint obligors, the remedy for a breach necessarily becomes several, in the absence of a statute authorizing a joint action against the survivors and the personal representative of the deceased; but, if the personal representative of the deceased is improperly joined as a defendant with the survivors, his name may be struck out by amendment, or a discontinuance entered as to him, without thereby discontinuing the action as against the others.

2. *Summary proceeding against defaulting county superintendent of education, and sureties on bond; joinder of administrator with survivors.* On the death of a defaulting county superintendent of education, there is no statute which authorizes a joint action, or summary proceeding by notice and motion, against his personal representative and the sureties on his official bond; and if the personal representative is improperly joined as a defendant in such action or proceeding, his name may be struck out by amendment, or a discontinuance entered as to him.

3. *Same; lies when, and against whom.*—The statute which gives a summary proceeding, by notice and motion, in favor of a county superintendent of education, against his defaulting predecessor, "who has resigned, removed from the county, or been legally removed from office, or whose term of office has expired, and the sureties on his official bond, or any of them" (Code, § 3397, subd. 3), applies also where the defaulter dies before the expiration of his term of office, and authorizes a suit against the surviving sureties alone.

[Reed v. Summers.]

4. *Official bond of county superintendent; filing copy with State superintendent.*—The failure to file a copy of the county superintendent's official bond with the State superintendent of education, as required by law (Code, § 906), is no defense to him or his sureties, in an action for a default; and the court would presume, if necessary, in the absence of averment to the contrary, that a copy of the bond was properly filed and approved.

APPEAL from the Circuit Court of Lamar.

Tried before the Hon. S. H. SPROTT.

This was a summary proceeding, by notice and motion, in the name of B. F. Reed, as county superintendent of education of Lamar county, against W. A. Young, as administrator of the estate of J. M. I. Guyton, deceased, who was the former county superintendent, and against A. A. Summers and others, sureties on the official bond of said Guyton as such superintendent; and was commenced on the 24th February, 1883. All of the defendants were served with process, and all of them appeared. At the return term of the process, the plaintiff entered a discontinuance as to said Guyton's administrator; and the other defendants thereupon moved to dismiss the case, on the ground that it was discontinued as to all of them; which motion the court overruled and refused. The defendants then demurred to the motion, assigning four special grounds of demurrer. The court sustained the demurrer, on each of the grounds assigned; and, the plaintiff declining to amend, rendered judgment final for the defendants. The plaintiff appeals, and assigns the judgment on the demurrer as error.

McGUIRE & COLLIER, J. J. RAY, and THOS. N. McCLELLAN, for the appellant, cited *Mock v. Walker,* 42 Ala. 668; *Reynolds v. Simpkins,* 67 Ala. 378; *Beard v. Br. Bank,* 8 Ala. 344; *Bondurant v. Woods,* 1 Ala. 543; *Ex parte Wilson,* 54 Ala. 296; *Governor v. Powell,* 23 Ala. 579; *Boving v. Williams,* 17 Ala. 517; *Marion County v. Brown,* 43 Ala. 114; *Sprowl v. Lawrence,* 37 Ala. 674.

NE SMITH, SANFORD & YOUNG, *contra.*

STONE, C. J.—J. M. I. Guyton was appointed county superintendent of education for Lamar county, and in November, 1881, executed a bond as such superintendent, with the appellees in this case as his sureties. The appointment was for two years.—Code of 1876, § 916. Guyton died before the two years expired, and Reed was appointed his successor. The present suit was instituted by Reed, the successor, in February, 1883, before the two years expired; and its purpose is to recover for an alleged default, or deficiency in Guyton's ac-

count as superintendent. The proceeding was by motion and notice, and claimed a summary judgment under section 3397, subd. 3, of the Code of 1876. The motion and notice proceeded at first against Young, Guyton's administrator, and all the sureties on his bond, and all were served as joint defendants. At the term of the court to which the notice was returned executed, the plaintiff took an order of discontinuance as to Young, the administrator of Guyton, and sought to prosecute the suit against the others, who were all the sureties on Guyton's bond. The appellees claim that this was a discontinuance of the suit.

When one of two or more joint obligors dies, the remedy at law for the enforcement of the contract becomes thereby necessarily several, unless there is a statute which authorizes the joint prosecution of such claim. The reason is, that no joint judgment can be rendered in a case thus circumstanced. A judgment against the one is *de bonis testatoris, vel intestatis ;* against the other, *de bonis propriis.* There is no statute authorizing a joint suit, or joint recovery, in such a case as this. We have, then, the case of an improper joinder of parties defendant, and the amendment simply discontinued the action as to the party improperly sued, and against whom no recovery could be had in the action as brought. In fact, no recovery could have been had by motion and notice against Guyton's administrator, if he had been sued alone.—*Logan v. Barclay,* 3 Ala. 361 ; *Murphy v. Branch Bank,* 5 Ala. 421 ; *Jones v. Brooks,* 30 Ala. 588. The amendment in this case did not discontinue the action.—*Jones v. Englehardt,* 78 Ala. 505 ; *Whittaker v. Van Horn,* 43 Ala. 255 ; *Reynolds v. Simpkins,* 67 Ala. 378.

There was a demurrer to the petition in this case, which the court sustained ; and the plaintiff declining to amend, judgment was given for the defendants. The first three grounds of the demurrer raise the questions : First, that the motion for summary judgment can not be maintained, because the term of office of Guyton, the principal, had not expired, he had not resigned, had not removed from the county, and had not been legally removed from office, when the alleged default was committed, nor when this proceeding was instituted. This line of the defense rests on the postulate, that the term of office referred to in this statute means the full term of two years for which he was appointed. These, it is contended, are the conditions—the only conditions—upon which this statutory remedy can be invoked. The legal principle is certainly unanswerable, if the statute means what it is claimed it does. 2 Brick. Dig. 464, § 6. We think, however, the construction contended for is too narrow. We think an officer's term of

office expires at his death, as was held by this court in *Doe, ex dem. Saltonstall v. Riley*, 28 Ala. 164, 181. We hold the words of the statute, considered collectively, were intended to embrace every conceivable case where the office has become vacant by forfeiture, or by any event which produces that result. It was the fact that official functions had ceased, and not the means by which their termination was brought about, we think the legislature had in view.

The other question raised by the first three grounds of demurrer, grows out of the death of Guyton, the county superintendent, which rendered it impossible to join him as a defendant to the motion, or to obtain a judgment against him. The argument made in support of this line of defense is, that the statute, in express terms, requires such motion to be prosecuted against the delinquent officer, and that the clause in the statute, " or any of them," is confined to the sureties, and does not embrace the principal ; in other words, that we should interpret the clause as if it said, against the principal and the sureties, or against the principal and any of the sureties.

In our first Code of laws—that of 1852,—chapter 3, Title 2, Part 3, was devoted to summary judgments. It was divided into six articles, commencing with section 2596 of that compilation. None of its provisions made any reference to defaulting county superintendents of education. In fact, our common-school system, as now organized, was then unknown. The first of those six articles was devoted to " General Rules " to be observed in such summary proceedings, and they were made applicable to each succeeding article in that chapter. The first article furnished the machinery—the only machinery—for administering the redress provided for in the remaining five articles. That chapter, with corresponding numbers, alike of chapter, title, and part, and with some additions, was carried into the Revised Code of 1867, commencing with section 3025. Article one still contained the General Rules, or machinery, and no other rules were given in that edition of our Code of laws. In *Ex parte Wilson*, 54 Ala. 396—decided at the December term, 1875—it was held by this court, that these " General Rules " applied to motions against tax-collectors, under article 5 of that chapter. The general rule, thus held applicable to proceedings against a defaulting tax-collector, has undergone no change since its first enactment. It is section 2597 in the Code of 1852, section 3026 in the Code of 1867, and section 3352 in the Code of 1876. Its language is : " The motion may be made by the party aggrieved, or his legal representative, against the person in default, and his sureties upon his official bond ; and judgment must be rendered against such of the parties, whether principal or surety, as may have received

[Reed v. Summers.]

notice of the intended motion." This section authorizes the legal representative of the party aggrieved to be mover in such proceedings, but makes no provision for proceeding against the personal representative of the defaulting officer. It does authorize judgment to be rendered against such of the parties, whether principal or surety, as have received notice of the intended motion.

The act "To provide summary remedies against defaulters to the public school fund" (Sess. Acts, 1874–75, p. 173), was approved March 9, 1875. That was the first statute which provided a summary remedy for the defaults therein enumerated. The present proceeding is under section 1, subd. 3, of that act, now section 3397, subd. 3, of the Code of 1876. The Codifiers of 1876 incorporated this statute in their compilations, and made it article 6, of chapter 3, Title 2, Part 3; the chapter we have been considering. The legislature, by the adoption of the Code, must be supposed to have approved and adopted this collocation by the Codifiers. And the question arises, whether being thus made part of chapter 3, Title 2, Part 3 of the Code, proceedings under it are to be governed by section 3352, copied above. If so, the authority to proceed and obtain judgment against the parties, or any of them, must be interpreted with the added clause, "whether principal or surety." Guyton being dead before the proceedings were commenced, and it being impossible to proceed against him, this interpretation would authorize a suit and recovery against the sureties, proceeded against alone.

If, however, this interpretation is not permissible, in what manner shall we interpret the act of 1875, considered separate and apart from the "General Rules" found in article 1, chap. 3, Tit. 2, Part 3 of the Code? That statute, it will be remembered, is embodied in the Code of 1876, sections 3397 to 3401, without material change. Section 3397, in providing for summary judgments on motion, gives the remedy it provides against the defaulters and the sureties on their official bonds, or any one of them. Subdivision 3 of this section, specially devoted to the character of default complained of in this case, authorizes suit and judgment against the county superintendent of education, and the sureties on his official bond, or any of them. To what antecedent do the words, "or any of them," refer? Do they refer alone to the sureties, or equally to principal and sureties? We think the latter the better interpretation, for the following reasons: First, it gives a natural interpretation to the two clauses of the act of 1875, which we have quoted above, and gives effect to each clause; second, it produces a harmonious system in summary proceedings, provided for in the chapter of the Code we are considering, and

which chapter was manifestly intended to cover most official defaults which are mere civil wrongs.

What we have said is not in conflict with the rulings in *Orr v. Duval,* 1 Ala. 262 ; *James v. Auld,* 9 Ala. 462 ; and *Collier v. Powell,* 23 Ala. 579. Those cases arose on statutes differently worded, and which expressly required notice to the defaulting officer.

There is nothing in the fourth ground of demurrer. In the absence of negative averment, we would, if necessary, presume the officers did their duty in the matter of filing a copy-bond in the office of the superintendant of education, and obtaining his approval thereof. We think, however, if this duty was omitted, it is no defense to the superintendent or his sureties. Code of 1876, § 181 ; *Sprowl v. Lawrence,* 33 Ala. 674 ; *Lewis v. Lee County,* 66 Ala. 480 ; *Steele v. Tutwiler,* 68 Ala. 107.

Reversed and remanded.