# Maxwell *v.* Pounds.

*Motion for Summary Judgment against Sureties on Official Bond of Sheriff for Failure to return Execution.*

1. *Summary proceeding against sureties on sheriff's bond for his failure to return execution; judgment may be recovered against sureties after death of sheriff.*—A summary proceeding under the statute, (Code of 1886, § 3101; Code of 1896, § 3769), to recover the penalty imposed on a sheriff for failure to return an execution, can, the sheriff having died, be maintained and pursued to judgment against the sureties on his official bond, or such of them as may be served with notice, (Code of 1886, § 3096; Code of 1896, § 3764).

2. *Same; illegality of execution in failing to set out each item of the bill of costs.*—Where an execution is void for the failure to state the several items composing the bill of costs, as required by statute (Code of 1886, § 2885; Code of 1896, § 1883), no summary judgment can be obtained against the sheriff or his sureties for the failure to return such execution.

3. *Execution stating items composing bill of cost.*—An execution in

printed form, which contains a blank list of the different services for which a clerk and sheriff can charge fees, but in which none of the blanks are filled out, and there is no entry to show for which items of service the clerk and sheriff charged, or were entitled to, fees in the particular case in which the execution was issued, but in the re-capitulation there was stated the aggregate of the fees to which the clerk and sheriff were entitled and of the witness fees, fails to state "the several items composing the bill of costs," as required by the statute (Code of 1886, § 2885; Code of 1896, § 1883), and is, therefore, void.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. SAMUEL H. SPROTT.

The proceedings in this case were commenced by a motion filed by the appellee for a summary judgment against the appellants as sureties on the official bond of J. M. Pumphrey, deceased, who was the former sheriff of Tuscaloosa county. The motion set out the fact that the movant had recovered a judgment against W. T. Hamner and Robert Hamner in the circuit court of Tus-caloosa county; that an execution issued upon said judg-ment and was delivered to Pumphrey, as sheriff, and that said Pumphrey as sheriff failed to return said ex-ecution to the circuit court as required by law. It was averred that the said Pumphrey died before the filing of the motion, and that the persons proceeded against were the sureties on his official bond. The defendants de-murred to the motion upon the ground that the motion shows that these respondents were moved against as the sureties on the official bond of J. M. Pumphrey, de-ceased, who was the late sheriff of Tuscaloosa county, and that no such proceeding against them, as such sure-ties, is authorized by law, unless the sheriff, on whose official bond they are sureties, is joined in the motion. The court overruled this demurrer and the defendants duly excepted. The plaintiff introduced his attorney of record in the case of *Pounds v. Hamner*, who testified to the recovery of a judgment and the issuance of an execution thereon, and that this execution had been de-livered to the sheriff. This attorney further testified that upon making examination in the sheriff's office for the deed which the said sheriff had made to the plaintiff of certain lands, which as sheriff he had sold, he found in the sheriff's desk an execution, which was shown to be the execution issued upon the judgment recovered by

[Maxwell v. Pounds.]

the plaintiff against W. T. Hamner and Robert Hamner. This execution was offered in evidence, and it was an ordinary form, which was used in all cases by the clerk. The blanks in the portion of the execution, which was directed to the sheriff, were properly filled out, and it was duly signed by the clerk. At the foot of this there was a place for the itemization of the clerk's and sheriff's fees. Under the head of "Clerk's Fees" there was printed each item of service for which the law allows the clerk a fee, opposite which was the amount of fee for each separate item. Then there was a blank column, which was intended to be filled out by writing therein the amount of the fees the clerk was entitled to in each particular case; this amount to be set opposite the particular item for which he was entitled to fees. The place for the entrance of the "Sheriff's Fees" was arranged in the same manner. There was no entry in either the blank column under the clerk's fees or under the sheriff's fees, showing the different items composing the fees the clerk was entitled to, and the fees the sheriff was entitled to, in this particular case. Under the head of "Recapitulation" in this form, there were statements as to what were the clerk's fees, the sheriff's fees and the witnesses' fees; and it was only from this entry, under the head of recapitulation, that the sheriff's fees, or the clerk's fees or the witnesses' fees were ascertained, and only the total of each; there being no entry of the several items composing the bill of costs. The defendants objected to the introduction in evidence of this execution, upon the ground that such execution was illegal and void in that it failed to state the several items composing the bill of costs, as required by section 2885 of the Code of 1886, and on the further ground that the said execution showed on its face that it was illegal and void, in that it neither contained nor was accompanied by any itemized statement of the costs, as required by law; and the sheriff was, therefore, neither authorized nor required to return said execution, nor do any acts under or by virtue thereof. The court overruled this motion, and the defendants duly excepted. It was shown that the execution was not returned by the sheriff. The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence judgment was rendered in favor of the plaintiff against the

sureties on said bond. From this decree the defendants appeal, and assign as error the rulings of the court upon the pleading, and upon the evidence, and the rendition of judgment for the plaintiff.

FOSTER & OLIVER, for appellants.—The execution for the failure to return which the penalty is sought to be enforced, was void.—Code of 1886, § 2885.

No liability attaches to the sheriff for failure to return a void execution.—2 Freeman on Executions, 368; *Holloway v. Johnson*, 7 Ala. 660; *Graham v. Chandler*, 15 Ala. 342.

JONES, MAYFIELD & BROWN, *contra*.—Summary judgments under the statute may be rendered against the sheriff, or any one or more of his sureties. Such judgment may be against any one or more alone.—Code of 1886, §§ 3096, 3101, *et seq.; Ex parte Wilson*, 54 Ala. 296; *Reed v. Summers*, 79 Ala. 522. If there was any virtue in the objection that there were no sufficient itemization of the costs as to render the execution admissible in evidence, or to incur liability for failure to return, the question was not properly raised by plea, and hence the court could not be put in error about an issue which was not, in fact, before the court. If there was any merit in the question it should have been raised by the pleadings.—Code of 1886, § 2675; *Lunsford v. Walker*, 93 Ala. 36; *Daniel v. Hardwick*, 88 Ala. 557; *Howland v. Wallace*, 81 Ala. 238; *Harris v. Bradford*, 4 Ala. 214. But there was no merit in the objection, that there was no sufficient itemization of the bill of costs, even if it had been properly raised.—*Bondurant v. Woods*, 1 Ala. 544; *Samples v. Walker*, 9 Ala. 726; *Evans v. State Bank*, 13 Ala. 787.

BRICKELL, C. J.—1. This is a summary proceeding by notice and motion, under the statute, (Code of 1886, § 3101; Code of 1896, § 3769), to recover the penalty imposed on a sheriff for a failure to return an execution; and the primary question is, the sheriff having died, whether the proceeding may be maintained against the sureties on his official bond, or such of them as may be served with notice. All summary proceedings must be taken and pursued in strict conformity to the statutes

creating them—by construction they will not be extended beyond the terms of the statute.   Originally the proceeding could have been pursued against the sheriff only, and if the fact of suretyship was proved, a judgment could be obtained against the sureties without notice to them.—*McRae v. Colclough*, 2 Ala. 74.   In *Orr v. Duvall*, 1 Ala. 262, it was decided, that the proceeding could not be pursued against the sureties in the absence of the sheriff — he was an indispensable party defendant—and the fact that he had fled the State would not authorize the court to proceed summarily against the sureties.   This decision led, doubtless, to the enactment of the act of 1841, declaring that "when a rule or notice shall issue to any late or acting sheriff, and his securities in office, it shall be competent for the plaintiff in such rule or notice, to recover judgment against such of the parties as service may have been effected on."— Clay's Dig. 536, § 14.  The enactment was substantially incorporated in the Code of 1852  and in each of the subsequent revisions or codifications of the statute, and now forms part of section 3096 of the Code of 1886, (Code of 1896, § 3764), as one of the general rules applicable to all the summary proceedings  given against executive or ministerial officers, or officers acting in that capacity.   The plain purpose of the statute, read in the light of its history, is, that the proceeding may be maintained and pursued to judgment, against any of the parties, principal or sureties, who may have received notice, and this is the force and meaning of its words. Such was the construction of the statute in *Reed v. Summers*, 79 Ala. 522 ; *Ex parte Wilson*, 54 Ala. 296.

2.   The statute, (Code of 1886, § 2885 ; Code of 1896, § 1883), requires that "at the foot, or on  some part of the execution, the clerk must state, in intelligible words and figures, the several items composing the bill of costs ; and without such copy of the bill of costs, the execution is illegal, and shall not be levied."   The  execution the sheriff is charged with a failure to return had at its foot, or indorsed upon it, a bill of the costs.   The fees of the clerk and the sheriff were enumerated and printed, and it is not claimed the services for which they are charged were not rendered, nor that the fees were in excess of the fees allowed by law.   The aggregate of the fees of witnesses is stated, without the names of the witnesses.

[Maxwell v. Pounds.]

We are of opinion the execution was regular, satisfying the requirement of the statute. Perhaps, the writ would have been more formal, if the bill of costs had contained the name and fees of each witness. But the purpose of the statute is, to inform the party against whom the execution issues of the amount of the costs with which he is charged, and the particulars composing it. The statute should be fairly construed, and when the bill of costs is not calculated to mislead, the writ is not offensive to the statute. Whether plaintiff, or defendant, the party knows, or is presumed to know, the witnesses attending, and stating the aggregate of the fees allowed them, without their names, and the fees allowed each can not mislead or prejudice them. The bill of costs, however precise and formal it may be, is not conclusive. If error intervenes, it is curable by a retaxation of the costs, and there should not be a close construction of the statute, affecting the regularity of the writ, and rendering proceedings under it, subject to vacation. But if there was irregularity in the execution, it can not be conceded the sheriff was excused from returning it according to its mandate. A return, stating as the cause for not executing it, the irregularity now imputed, the plaintiff was entitled to, that in the subsequent issue of execution, a like irregularity would be avoided.

We find no error in the record, and the judgment is affirmed.

## ON APPLICATION FOR REHEARING.

BRICKELL, C. J.—Upon an application for rehearing, after a closer scrutiny of the original execution, which has been transmitted to this court, my brothers are of the opinion, that it is illegal, and under the influence of section 2885 of the Code of 1886, (Code of 1896, § 1883), void, and I will not now dissent from that conclusion. Assuming this to be true, I cannot, for the reasons already stated, concur in the conclusion that this illegality relieved the sheriff from the duty of returning it according to its mandate. In obedience to the opinions of my brothers, the rehearing is granted, the judgment of affirmance is set aside, and a judgment will be here rendered, dismissing the motion at the costs of the

appellee in the circuit court, and the appellee will pay the costs of appeal in this court and in the circuit court.

Reversed and rendered.