### UNITED STATES v. BULLARD et al.

(District Court, S. D. Alabama. July 12, 1900.)

PARTIES—JOINDER OF DEFENDANTS—ADMINISTRATOR OF JOINT OBLIGOR.
The administrator of one of several joint contracting parties cannot be jointly sued with the survivors, either at the common law, or under the statute of Alabama which governs in actions in a federal court sitting in that state.

At Law. On motion of defendants for judgment on the ground of misjoinder of parties defendant.

M. D. Wickersham, U. S. Dist. Atty.
Charles J. Torrey, for defendants Agee and Slaughter.

TOULMIN, District Judge. This is a suit brought by the United States against J. B. Bullard, D. A. Frye, W. P. Agee, George Staffens, and C. L. Slaughter, as obligors on a bond executed by said Bullard as principal and the other defendants as sureties. The suit was commenced on August 9, 1899, and on August 13, 1899, service of the summons and complaint was had on all the defendants except C. L. Slaughter, who, it appears, was dead at the time the suit was commenced. Service of the summons and complaint was on the same day (August 13, 1899) had on Lily S. Slaughter, administratrix of C. L. Slaughter, and return made thereof by the marshal. On such return the United States attorney represented to the court that C. L. Slaughter was dead at the commencement of the suit, and moved the court to strike out his name as one of the defendants in the cause, and to add the name of Lily S. Slaughter, as ad-

ministratrix of the estate of said C. L. Slaughter, as a defendant in said cause, which motion was granted, and service of process was by her attorney accepted for Lily S. Slaughter, administratrix. Issue was joined on the complaint by defendants Agee and Slaughter, administratrix, and a trial had by the court without a jury on the suggestion and by consent of parties. On the close of the evidence for the plaintiffs, the defendants, offering no evidence, moved the court for judgment against the plaintiffs on the ground of misjoinder of parties defendant,—the contention being that, it appearing and being admitted that C. L. Slaughter was dead at the time the suit was commenced, his administratrix could not be sued jointly with said Slaughter's surviving co-obligors on the bond sued on; that the plaintiffs are not entitled to maintain this suit; and that the defendants should have judgment in their favor.

The administrator of one of several joint contracting parties cannot be jointly sued with the survivors. Murphy v. Bank, 5 Ala. 421; Rupert v. Elston's Ex'r, 35 Ala. 79; Gayle v. Agee, 4 Port. (Ala.) 507; Reed v. Summers, 79 Ala. 522. The personal representative of one of two contractors cannot be sued at common law jointly with the survivor. 8 Enc. Pl. & Prac. p. 680, note 8; City of Orlando v. Gooding (Fla.) 15 South. 770. The rule of law on this subject is that, if a joint debtor dies before suit brought, his personal representative cannot be sued with the survivor; but, if he dies after suit brought against all of them, it is optional (under a statute authorizing it) with the plaintiff either to bring in his personal representative, or to proceed against the survivors without doing so. 15 Enc. Pl. & Prac. p. 551; Id. p. 554, notes 3, 4; Githers v. Clarke, 158 Pa. St. 616, 28 Atl. 232. At common law the death of either party before judgment abated the suit. Macker v. Thomas, 7 Wheat. 530, 5 L. Ed. 515; Ex parte Connaway, 20 Sup. Ct. 951, Adv. S. U. S. 951, 44 L. Ed. ——. At common law all personal actions abated on the death of the defendant, but by aid of the statute an action may be revived against the personal representative of a defendant who dies pending the suit against him. Rev. St. U. S. § 955; Code Ala. §§ 41–43. And it is provided by statute that if there are two or more defendants in a suit where the cause of action survives against the surviving defendant, and one or more of them dies, the action shall not be thereby abated, but such action shall proceed against the surviving defendant. Rev. St. U. S. § 956. The Alabama statute provides that the suit may be revived against the administrator of such deceased and the suit proceed against the survivor or survivors and the representative of the decedent or decedents. The state statute is that the death of one or more defendants jointly sued does not, as to the defendant dying, abate the suit, but it may be revived against the proper representative of such defendant, and may proceed against such representative and the surviving defendant or defendants jointly or severally, at the election of the plaintiff. Code Ala. § 43. In Ex parte Connaway, supra, it is held that an administrator of a defendant who dies after the filing of a complaint, which is declared by statute to constitute the commencement of the action, may be made a party, although such defendant dies before summons is served

103 F.—17

upon him. Parker v. Abrams, 50 Ala. 35, decides the same point. In the latter case there were several defendants, of whom Parker was one. Summons were served on all except Parker, who was not found. About a year subsequent to the commencement of the suit Parker's death was suggested, and the suit was revived against his administrator, who contended that, inasmuch as service of the summons had never been effected on Parker, the action could not be revived against his personal representative, but should abate. The supreme court of Alabama held, in substance, that the filing of the complaint was the commencement of the action, and that Parker was a defendant in the action, whether he had been served with process or not; that, Parker having been sued and having died, the statute, which provides that a suit shall not abate as to one or more defendants or obligors who may die pending the suit, but the same may be revived, etc., applied; and that the judgment seemed regular and was such as the statute allows. The statute determines when the representative of a deceased party may be brought into an action. It is that, where the cause of action survives, the personal representative may be brought into court when the decedent died pending the suit; and the courts hold that this may be done whether the defendant dies before or after service of process on him. This could not be done, except for the statute. In the case of Schreiber v. Sharpless (D. C.) 17 Fed. 589, the court says:

"The statute simply provides for bringing in the legal representatives where the party dies pending suit, in cases wherein the cause of action survives by law."

The case of Reed v. Summers, supra, was a suit brought by Reed, as county superintendent of education, against W. A. Young, as administrator of the estate of J. M. Guyton, deceased, who was former superintendent, and against A. A. Summers and others, sureties on the official bond of said Guyton as such superintendent. All defendants were served with process, and all of them appeared. The court, through Stone, C. J., among other things said:

"Where one of two or more joint obligors dies, the remedy at law for the enforcement of the contract necessarily becomes several, unless there is a statute which authorizes the joint prosecution of such claim. The reason is that no joint judgment can be rendered in a case thus circumstanced. * * * There is no statute authorizing such a suit as this."

It is a case of improper joinder of parties defendant. 15 Enc. Pl. & Prac. 551.

As clearly stated by the attorney for the plaintiffs, the question at issue in this case is whether the personal representative of C. L. Slaughter, one of the joint obligors on the bond sued on, can be jointly sued with one or more of the surviving obligors. And the plaintiff's attorney admits that it is only the law of Alabama that can affect or control the decision in the case. We have already seen that the supreme court of Alabama has decided that no joint judgment can be rendered in a case circumstanced like this, and that there is no statute authorizing a joint suit or joint recovery in such a case as this. Reed v. Summers, supra. But the attorney for plaintiffs contends that the statute of Alabama (section 43, Code Ala.)

authorizes such suit and recovery. We have seen that the statute provides that "in all suits against two or more defendants, and one or more of such defendants shall die *pending such suit* [italics mine] such suit shall not abate, but it may be revived," etc. The meaning of the statute is plain. It cannot be misunderstood. If C. L. Slaughter died pending this suit (that is, after the suit was commenced), whether he was served with process or not, the statute applies, and the plaintiffs are entitled to a recovery in this case. If said Slaughter died before the commencement of the suit, the plaintiffs cannot maintain the suit. There is no statute authorizing it. Reed v. Summers, supra.

The decision in the case of U. S. v. Tracey, Fed. Cas. No. 16,536, cited by attorney for the plaintiffs, was based on the statute of the state of New York, which provides, among other things, that all actions upon contract may be maintained by and against executors in all cases in which the same might have been maintained by or against their respective testators. Code Civ. Proc. N. Y. § 120; 2 Rev. St. N. Y. p. 113, § 2. This provision of the law of the state of New York must be considered as the law of the United States court sitting in New York. U. S. v. Lawrence, Fed. Cas. No. 15,574; Sawin v. Kenny, 93 U. S. 289, 23 L. Ed. 926. We have no such statute in Alabama, and it is conceded that the law of Alabama must control the decision in this case.

That C. L. Slaughter was dead at the time this suit was commenced is conceded both by the admissions of the attorney for the plaintiffs and by the record in the case. There has never been a revival of the suit against the administratrix of said Slaughter. There could be no revival, and none was asked for; but a motion was made by the attorney for the plaintiffs to strike out the name of C. L. Slaughter as a defendant, and to add that of Lily S. Slaughter, administratrix, as a party defendant; the attorney stating to the court that the ground for the motion was that said C. L. Slaughter was dead at the time the suit was brought. Again, on the submission of the motion for judgment against the plaintiffs at the conclusion of the trial of the cause, it was so made to appear. But, besides, it appears from the record that the suit was commenced on August 9, 1899, and that on August 13, 1899, the defendant Lily S. Slaughter, as administratrix of C. L. Slaughter, was served with process by the marshal. By the statute of Alabama, no letters of administration must be granted until the expiration of 15 days after the death of the intestate is known. Code Ala. § 61; Espalla v. Gottschalk, 95 Ala. 254, 10 South. 755. Four days after the suit was brought, service of process was made on the administratrix of C. L. Slaughter. Assuming that the law of the state was observed, it follows that administration on the estate of said Slaughter was granted before the suit was brought, and that he was dead at the time the suit was commenced. My conclusion is that the plaintiffs cannot recover in this cause.