[Albritton v. Williams.]

# Albritton *v.* Williams.

*Statutory Trial of the Right of Property.*

[Decided June 28, 1902.]

1. *Claim suit; not necessary that affidavit should be signed by claimant.*—The statute does not require the affidavit made as the basis for the interposition of a claim to property levied on, to be signed by the party making it (Code, § 4141), and when it appears that the claimant made tne affidavit, and the fact of his swearing to it is properly certified by the officer before whom it is made, such affidavit is sufficient, although not subscribed by the party making it.

2. *Execution issuea by justice of the peace; not necessary that itemized bill of costs be attached.*—The statute requiring that a bill of costs should be attached to or made a part of executions issued from the circuit court, (Code, § 1883), has no application to exeçutions issued from a justice of the peace court, and such an execution is not rendered invalid by reason of the fact that no itemized bill of costs it attached to it or made a part of it.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The appellant, E. W. Albritton, brought an action in the justice of the peace court against Henry Ellis and recovered a judgment against said Ellis. Upon this judgment an execution was issued and levied upon two mules and a horse, the property of said Ellis. Thereupon the appellee, J. C. Williams, interposed a claim to the property so levied upon by making affidavit and giving claim bond. The affidavit, however, was not signed by him or any one else, but the officer before whom it was made certified that it was made by said J. C. Williams. Issue was made up for the trial of the right of property so levied upon, and the

trial was had before the justice of the peace issuing
the execution. In this trial a judgment was rendered
in favor of the plaintiff, and from this judgment the
claimant appealed to the circuit court. In the cir-
cuit court issue was again joined between the plain-
tiff and the claimant. In that court the plaintiff
moved to quash the affidavit upon which the claim suit
was based, because said affidavit was not signed by the
claimant or his agent or any one else. The affidavit
was introduced in evidence and showed that it was not
signed by the claimant, but that the justice of the peace
before whom it was made certified that it was exe-
cuted and sworn to by the claimant. The motion
was overruled, and to this ruling the plaintiff duly ex-
cepted. The claimant moved the court to be allowed to
amend the affidavit by then signing it. The court
granted this motion, and to this ruling the plaintiff
duly excepted. The claimant then moved the court to
quash the execution which was levied upon the prop-
erty involved in the controversy, upon the ground that
no itemized bill of costs was attached to said execu-
tion or made a part thereof. The execution, which was
introduced in evidence, showed that there was attached
to it or made a part of it no itemized bill of costs in
the justice of the peace court. The court granted
this motion to quash the execution and dismissed the
plaintiff's suit and rendered judgment in favor of the
claimant. To each of these rulings the plaintiff sep-
arately excepted. The plaintiff appeals, and assigns
as error the several rulings of the trial court to which
exceptions were reserved.

MILLER & MILLER, for appellant.—The itemizing of
cost bills on executions is not required in justice of the
peace courts. Code, § 1883, does not apply to justice
of the peace executions. It says the clerk must state
the cost bill on the execution; a justice of the peace
has no clerk. This section, 1883, is not under the head
of justice of peace executions. For justice of the peace
executions, see Code, § 1932, Art. 1. Code, § 2673 does
not apply. It is limited to parties, trials, etc., and does

[Albritton v. Williams.]

not make the law of executions in the circuit the law of executions in justice of the peace courts.—76 Ala. 403; 105 Ala. 305; 103 Ala. 260; 60 Ala. 394; 74 Ala. 328.

BONNER & BONNER and HOWARD & JONES, *contra.* The execution issued by the justice of the peace was void because it contained no itemized bill of costs. Code, § 1883; *Maxwell v. Pounds,* 116 Ala. 551, and the court, therefore, properly quashed the execution and dismissed the suit.—*Jackson v. Bain,* 74 Ala. 328; *Cooper v. Jacobs,* 82 Ala. 411; *Ga. Pac. R. R. Co. v. Blanton,* 84 Ala. 154; *Seymour v. Farquhar,* 93 Ala. 292; *Hill v. McBrydwc,* 125 Ala. 542; *Fry v. Mobile Sav. Bank,* 72 Ala. 473.

HARALSON, J.—1. The plaintiff moved the court to quash the affidavit of the claimant because it was not signed by him or his agent, or by any one. The court overruled the motion, and at the instance of claimant, he was allowed to amend his affidavit by signing the same. The affidavit needed no amendment: it was good without claimant's signature, since it had the jurat of the justice of the peace, before whom it was made, that it was sworn to before him on the date it bears date. This clearly appears from the affidavit itself, introduced in evidence. The statute (Code, § 4141), does not in terms require the affidavit to be signed by the party making it; and when it clearly appears as here, that the claimant made the affidavit, and the fact of his swearing to it is also properly certified by the officer before whom it was made, it is sufficient, although not subscribed by the party making it.—*Watts v. Womack,* 44 Ala. 605; *Hyde v. Adams,* 80 Ala. 113; 1 Cyclo. Law and Pro., 26.

2. To the execution that issued from the justice of the peace court, on the judgment therein rendered in favor of plaintiff, against the defendant in execution, no itemized bill of costs was attached at its foot or on any part of it, as is required in cases where executions issue from the circuit court under section 1883 of the Code, and on this ground, the claimant, in the circuit court, moved the court to quash the execu-

tion.    That section does require clerks (of the circuit court) to state in intelligible words and figures the several items composing the bill of costs, and provides that without such copy of the bill of costs the execution is illegal and shall not be levied.    In *Maxwell v. Pounds*, 116 Ala. 551, the court, in construing that section, held that an execution which issued from a circuit court without a copy of the bill of costs, as by the section required, was void.    It is well settled that mere irregularities or defects in the original proceedings are not available to claimant, but when void on their face from any cause, the claimant may avail himself of it.—*Carter v. O'Bryan*, 106 Ala. 314; *Schamagel v. Whitehurst*, 103 Ala. 263.

3.    The contention of the plaintiff is that the requirements of said section 1883, have no application to executions issued from a justice of the peace court, and apply only to such as issue from circuit courts; and the claimant's contention is that it applies alike to such process issuing from either of these courts.    This contention of the claimant is sought to be based, among other grounds, on section 2673 of the Code, which provides, that "As to parties, trial, competency of witnesses, admissibility of evidence, regulation of suits, and the time within which suits may be brought, unless otherwise provided, suits before justices of the peace shall be governed by the same rules and provisions, so far as they are applicable, as suits in the circuit court."    But, manifestly, this section does not apply to the issuance, return and levy of executions from justices' courts.    The rules of the circuit court, as to parties, trial, competency of witnesses, admissibility of evidence, regulation of suits, and the time in which they may be brought therein, have no application to the issuance of executions from justice's courts. Issuance of execution from these courts does not fall within either of the specified categories.—*Chaney v. Burford Lumber Co.*, 132 Ala. 315; *Mitchell v. Corbin*, 91 Ala. 599-601.

[Helena Coal Co. v. Sibley.]

Without said section 1883, it could not be well contended that executions issuing from circuit courts without an itemized bill of costs at their foot or in some parts of them, would be void. Their illegality when thus issued arises alone from the positive terms of the statute. This illegality, except inferentially, cannot be applied to executions from justices' courts. A full answer to the contention is found in the fact that the statute has made the requirement as to one class of executions and not to the other; and having reference to the writs themselves, their issuance, periods of return, levy, sales thereunder, etc., it is not difficult to understand why the rule should, in the legislative mind, be proper to be made in the one case and not in the other.—*Griffin v. Dauphin,* in MS.

The court erred in quashing the execution and dismissing the suit.

Reversed and remanded.